LANGENDERFER, APPELLEE, *v.* DANGLER ET AL., APPELLANTS.

(Decided June 20, 1940.)

*Mr. Marcus L. Friedman, Mr. Joseph A. Siegel* and *Mr. Cecil Stickney,* for appellee.

*Mr. Alfred J. Croll* and *Mr. Benjamin B. Moses,* for appellants.

LLOYD, J. The plaintiff Langenderfer commenced an action in ejectment in the Court of Common Pleas against the defendant Dangler, alleging in his petition that he was seized in fee simple of 70 acres of land in Richfield township, to the immediate possession of which he was entitled and of which defendant had taken possession, moving thereon approximately 35 head of cattle and thereby excluding the plaintiff therefrom. The prayer of his petition is that the court issue a temporary injunction ordering the defendant to deliver possession of the premises to plaintiff and to remove his property and cattle therefrom, and that on final hearing the defendant be ordered to deliver possession of the premises to plaintiff and remove his cattle and property therefrom.

On April 9, 1940, Dangler filed an answer to the Langenderfer petition, and also a cross-petition. Therein Dangler admitted that he was in possession of the premises and had moved his cattle and other property thereon. The other allegations of the petition he denied. In his cross-petition, wherein he seeks damages for attempted interference by Langenderfer with his possession of the premises, he alleges that he entered thereon and retains possession of the premises under the terms of a parol lease whereby he was to have the full, free use and enjoyment thereof and the appurtenances thereto as a dairy farm for the period of one year on and after March 1, 1940, for which he was to pay a rental of $700, $350 on June 15, 1940, and $350 on January 1, 1941, and that pursuant to the lease so made he "moved his dairy farming implements, horses, cattle and stock-food provisions in and about said premises, sheds and barns for all due compliance and peaceable enjoyment, use of said premises under the provisional terms of aforesaid exclusive parol lease agreement."

To this answer and cross-petition a reply was filed by Langenderfer on May 9, 1940, denying all of the al-

legations thereof except that he is the owner of the premises. On May 13, 1940, Langenderfer filed a supplemental petition which in no respect changes the issues made by the petition and the answer and cross-petition of Dangler.

In his supplemental petition, Langenderfer alleges that Dangler and his agents "have broken or caused to be broken a fence enclosing a portion of the aforesaid premises in such a manner that it will be necessary for the plaintiff to expend considerable sums of money to repair the damage done" and that he "has broken locks on the barn and buildings on said premises and also broken the lock on the door of the dwelling house on said premises and moved sundry articles of furniture into said house, damaging the interior of said house by so doing." It is also alleged that he "has fed straw owned by the plaintiff to his cattle and has allowed them to wander over plaintiff's yard, doing considerable damage" whereby plaintiff has been damaged in the sum of $100. Further, the plaintiff alleges in his supplemental petition that Dangler "has moved onto said premises and placed his property and cattle on said premises and unlawfully keeps plaintiff out of said premises," and that the damages for withholding these premises from the plaintiff amount to $700. He also claims to have been damaged in the sum of $700, the reasonable annual rental of the premises, by not being able to rent the same to prospective tenants. Langenderfer therefore prays for a judgment of possession of the premises, for $1,500 as damages for the alleged unlawful detention thereof, and for an injunction restraining the defendant from further molesting plaintiff or further trespassing upon the premises and also "that a receiver be appointed to manage and take custody of defendant's cattle, pigs, horses and other animals now located on said premises."

On May 20, 1940, Langenderfer filed a written motion for the appointment of a receiver, the allegations of

which he says are true as he verily believes. In this motion he states "that the season of the year requires an immediate planting of the crops on said farm" and reiterates as in his petition that the defendant is a trespasser thereon "and will, unless restrained by this court, attempt to farm said premises; that plaintiff has no means of enforcing payment for damages from said defendant for his unlawful trespass and his unlawful use of plaintiff's said farm."

He concludes by asking the court to appoint a receiver to take charge of the premises and manage them under the direction of the court. On May 21, 1940, "the court being fully advised in the premises" ordered that this motion be granted and that Sylvester Volmer "be appointed receiver herein and that his bond be fixed at $700." What the receiver was to do, the order of appointment does not state. From this order Dangler appeals to this court.

Who is entitled to the possession of the premises in question under the issue made by the pleadings can be determined only upon a trial on the merits. If Dangler is a trespasser, he will be compelled to vacate the premises and will be answerable in damages for the unlawful possession thereof, and there is no allegation in any of plaintiff's pleadings or in his motion that Dangler is insolvent and can not satisfy any judgment obtained against him therefor. The nearest Langenderfer comes to such a claim is that he "has no means of enforcing payment for damages from said defendant for his unlawful trespass." The law certainly provides a means in an action at law. By the appointment of the receiver Dangler's possession of the premises, which he pleads is lawfully his, is taken from him before the issues are tried and decided and he thereby is left unprotected if, on trial thereof, he is found to be rightfully in possession of the premises under the lease which he pleads. If a remedy was needed, pending the action, it would seem that in-

junction would have been the proper approach, as suggested and prayed for in plaintiff's petition and supplemental petition. If that had been done, Dangler would have been protected by a bond, to which certainly he was entitled under the controversial facts appearing in the pleadings.

Neither an injunction will be allowed nor a receiver appointed to dispossess one in possession of property under claim of right as in the instant case and, where appropriate, the remedy of injunction should be applied, its sole purpose being to preserve the subject-matter of the controversy and not to take property from the possession of one party and put it in that of another. *Gray, Atty. Genl.,* v. *Council of Newark,* 9 Del. Ch., 171, 79 A., 735; *Columbus Packing Co.* v. *State, ex rel. Schlesinger, Pros. Atty.,* 106 Ohio St., 469, 480, 140 N. E., 376, 37 A. L. R., 1525.

The issue was the right of possession and it would seem quite as important that the one should be protected as well as the other until a judgment on the merits is rendered; nor would it seem that any usage of equity, that being the statutory ground relied upon in the instant case for the appointment of the receiver, would tolerate so apparent an inequitable act.

This court, therefore, is of the opinion that under the issues made by the pleadings the judgment should be and is reversed and the cause is remanded to the Court of Common Pleas with directions to discharge the receiver so appointed and to require of him such report as that court may deem proper.

*Judgment reversed and cause remanded.*

OVERMYER, J., concurs.
CARPENTER, J., dissents.